J-S19023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED WHITEFIELD | : | |
| | : | |
| Appellant | : | No. 3409 EDA 2018 |

Appeal from the PCRA Order Entered November 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014999-2013,
CP-51-CR-0015000-2013

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 22, 2020**

Alfred Whitefield (Appellant) appeals *pro se* from the order of the Philadelphia Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant seeks collateral relief from his bench conviction of, *inter alia*, two counts of first degree murder.[2] Appellant contends the PCRA court erred in permitting PCRA counsel to withdraw and failing to conduct an evidentiary hearing, and asserts several challenges arising from his right to effective assistance of trial counsel. We affirm.

The trial court summarized the underlying facts as follows:

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

In the early evening hours of April 23, 2013, Carmen Medina was on her way to be admitted to an inpatient clinic at Gaudenzia House, accompanied by her ten year old son, [J.H.], Thomas Gorman and Yvette Davila. Ms. Medina stopped at the intersection of Gurney and Swanson Streets, a drug corner that her family claimed to own and rented for the sale of drugs for [$500] a week. Ms. Davila testified that when they arrived at the corner, Ms. Medina exited the car and conferred with [Appellant], then returned to the car with [Appellant], opened the rear door and instructed Ms. Davila to look at [Appellant] so Ms. Davila would be able to recognize him later. Ms. Medina told [Appellant] that if she could not pick up the rent, that Davila would pick up the money for her. Carmen Medina closed the door and started walking around the back of the vehicle towards the driver's side of the SUV. [Appellant] had started to walk away before turning back and firing shots at Medina and the front passenger, Thomas Gorman. Yvette Davila grabbed the young boy and ducked down in the back seat of the vehicle until the shots stopped. [Medina and Gorman died from their gunshot wounds.]

In addition to Ms. Davila's eyewitness testimony, the prosecution presented the testimony of Angel Torres, a fellow inmate incarcerated with [Appellant], who testified that [Appellant] confessed to him that Medina was demanding $500 in rent for the corner on which he sold heroin, that he no longer wanted to pay her, and that when they walked back to the car[,] he shot and killed Medina and Gorman. Additionally, Patricia Brown testified that she was [Appellant's] girlfriend in 2013 and she was told by [Appellant] to cut off service to his phone as he was afraid the police would be able to trace the phone. [Appellant] was correct, as Detective James Dunlap was able, through triangulation, to pinpoint the location of [Appellant's] phone at the time of the murder to the scene of the double homicide.

*Commonwealth v. Whitefield*, 2103 EDA 2016, at 1-2 (Pa. Super. 2017) (citations omitted).

Appellant was charged at Docket No. CP-51-CR-0014999-2013 with the first degree murder of Gorman, and at Docket No. CP-51-CR-0015000-2013 with the first degree murder of Medina, several firearms offenses, possession

of an instrument of crime, and recklessly endangering another person.[3]  On January 26, 2016, at the close of a bench trial, the trial court found him guilty of all charges.  On the same day, it imposed consecutive mandatory life sentences as to both counts of first degree murder, with concurrent sentences of two and one-half to five years for carrying a firearm in Philadelphia and possession of an instrument of crime, and one to two years for recklessly endangering another person.  Sentencing Order, 1/26/16.

This Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied his petition for allocatur. *Commonwealth v. Whitefield*, 2103 EDA 2016 (Pa. Super. 2017), *appeal denied*, 405 EAL 2017 (Pa. Feb. 6, 2018).

Appellant timely filed the present petition under the PCRA, his first, on March 14, 2018.  His appointed counsel filed a *Turner/Finley*[4] "no merit" letter and petition to withdraw from the representation.  On October 9, 2018, the PCRA court issued a notice of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907.  On November 1st, Appellant filed a response to the Rule 907 notice.  The PCRA court dismissed the petition on November 5, 2019, and granted counsel's petition to withdraw.  This timely appeal

---

[3] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, 907(a), 2705.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

followed. Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

We note that Appellant filed a single notice of appeal listing both trial court docket numbers, a procedure that was disapproved in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).[5] Under ***Walker***, when one order resolves issues arising on multiple lower court dockets, an appellant must file separate notices of appeal for each docket number; "[t]he failure to do so will result in quashal of the appeal." ***Id.*** at 977. On January 24, 2020, this Court issued a rule to show cause why the present appeal should not be quashed, and on February 4th, Appellant filed a response. The issue was then referred to this panel.

Our review of the record reveals that Appellant was advised, *via* personal letter affixed to his attorney's "no merit" letter, that he could file "an appeal" upon dismissal of his petition. James Lammendola, Esq., Motion to Withdraw, 9/13/18, Letter, 9/7/18, Exh. 1. The PCRA court issued a single order dismissing his petition, and the order listed both docket numbers. Order, 11/5/18. It instructed Appellant that he had 30 days in which to file "an appeal" in this Court. ***Id.*** Based on these factors, we find that there has been a breakdown in court operations and therefore we may overlook the

_____

[5] "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant . . . a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

defect in Appellant's notice of appeal. *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) ("We conclude that such [similar] misstatements as to the manner that Appellant could effectuate an appeal from the PCRA court's order amount to a breakdown in court operations such that we may overlook the defective nature of Appellant's timely notice of appeal rather than quash pursuant to *Walker*.") (footnote omitted).

In his brief, Appellant raises the following issues for our review:

Claim #1: The [PCRA] court abused its discretion and denied [Appellant] his state and federal due process rights by granting [PCRA] counsel leave to withdraw in light of the fact that counsel's no-merit letter failed to comply with the [*Turner/Finley*] standards.

Claim #2: The meritorious *Napue* claim

Claim #3: The *Brady* claim misconception

Claim #4: The Fourth Amendment violation

Claim #5: [ineffective assistance of counsel, where there was] insufficient evidence to sustain the verdicts

Claim #6: [ineffective assistance of counsel, where there was a failure] to investigate, interview and produce witnesses

Claim #7: Insufficient record to engage in meaningful review

Appellant's Brief at 4 (some capitalization omitted).[6]

_____

[6] In his concise statement, Appellant raised the following three issues:

1. The [PCRA] Court erred and/or abused its discretion by failing to grant PCRA relief in that [Appellant's] conviction was procured

In his brief, Appellant elaborates on his claims as follows: He argues that the PCRA court erred in permitting appointed counsel to withdraw, as counsel did not comply with **Turner**/**Finley**. Appellant's Brief at 8-10. He asserts that counsel should have brought a claim pursuant to **Napue v. Illinois**, 360 U.S. 264 (1969), based on the allegedly perjured testimony of a witness. **Id.** at 10-11. Appellant argues that the Commonwealth committed a **Brady** violation.[7] **Id.** at 11-12. He claims that the Commonwealth violated the Fourth Amendment by admitting evidence discovered through the warrantless seizure of two cellular phones. **Id.** at 13-14. He faults trial counsel for failing to bring a successful claim arguing the sufficiency of the evidence supporting his conviction and for failing to perform an adequate investigation, including neglecting to interview certain witnesses. **Id.** at 14-22. Finally, he claims that the PCRA court erred in denying him a PCRA hearing. **Id.** at 22-23.

---

by tainted, knowingly, and intentional false perjured testimony by Commonwealth witness Angel Torres . . . .
2. Trial counsel . . . was ineffective for failing to investigate and call critical witnesses . . . .
3. Trial counsel . . . was ineffective for failing to file a suppression motion challenging the lawfulness of the seizure of a Verizon cell phone [confirming Appellant's presence at the scene of the crime]. . . .

Appellant's Concise Statement of Matters Complained of on Appeal (Appellant's Statement), 12/17/18, at 1-3.

[7] **See Brady v. Maryland**, 373 U.S. 83 (1963).

In its brief, the Commonwealth relies on the PCRA court's opinion, and argues that Appellant's claims are either waived or meritless. Commonwealth's Brief at 4-6. The Commonwealth points out that any issue not raised in Appellant's Statement is waived per Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the statement of matters complained of on appeal are waived). *Id.* at 5.

In its opinion, the PCRA court points out that much of the testimony Appellant faults trial counsel for failing to elicit at trial actually came into evidence. PCRA Ct. Op. at 6-7. For instance, the account of the decedent's minor son was recounted by the police officer who took his statement. *Id.* Potential witness Akeya Coates allegedly reported that Davila said someone named "Johnny" committed the shooting; although Coates did not testify, this information was in evidence at trial. *Id.* Two potential witnesses would allegedly have testified as to a different shooting that took place in the weeks before the murders at issue. *Id.* at 7. Here, again, defense counsel presented evidence that the earlier shooter was not Appellant, and therefore the PCRA court asserts that Appellant cannot establish prejudice. *Id.*

The PCRA court notes that Appellant's argument as to suppression was raised for the first time in Appellant's Statement, and is therefore waived. PCRA Ct. Op. at 7. That court also observes that Appellant's argument as to alleged prosecutorial misconduct in eliciting the testimony of Angel Torres could have been raised on direct appeal, and is thus waived per 42 Pa.C.S. §

9544(b).[8]  *Id.* at 8.  Further, the PCRA court points out that the outcome of the trial would have been the same even if Torres had not testified, and therefore there can be no prejudice.  *Id.*

> Our review of an order denying PCRA relief is well-established:
>
> This Court examines PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  Our "review is limited to the findings of the PCRA court and the evidence of record[.]" *Id.*  Additionally, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.*  In this respect, we will not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Id.*  However, we afford no deference to its legal conclusions. *Id.*  "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary."

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

The standard for ineffective assistance of counsel was first announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).  When reviewing claims of ineffective assistance of counsel, courts must presume that counsel provided effective assistance.  *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).  To overcome this presumption, courts applying *Strickland* require the defendant to plead and prove that (1) the claim has arguable merit; (2) counsel lacked

---

[8] Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal . . . ."  42 Pa.C.S. § 9544(b).

any reasonable basis for the action or inaction; and (3) the petitioner suffered prejudice as a result. *Id.* Prejudice is established only where but for counsel's action or inaction, there was a reasonable probability that the proceeding would have had a different outcome. *Id.* at 150-51, *citing **Strickland***, 466 U.S. at 689. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011). The ***Strickland*** factors must not be applied mechanically:

> Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

***Strickland***, 466 U.S. at 696; ***see also Commonwealth v. Diaz***, 226 A.3d 995, 1008 (Pa. Mar. 26, 2020).

Appellant first argues that the PCRA court erred in allowing appointed counsel to withdraw. Appellant's Brief at 8. However, as this claim is not included in Appellant's Statement, it is waived, per Pa.R.A.P. 1925(b)(4)(vii).

Appellant next asserts that his conviction was secured with perjured testimony from Angel Torres. Appellant's Brief at 10. Torres testified that he used to sell drugs with Appellant, and that while both were incarcerated, Appellant confessed to the shooting. N.T., 1/22/16, at 6-12. Appellant cites ***Napue v. Illinois***, 360 U.S. 264 (1969), a case in which the Supreme Court

held that a prosecutor's knowing use of false testimony violates the Due Process Clause of the 14th Amendment. *Id.* at 269. The PCRA court sat as factfinder in Appellant's trial, and thus the court's assurance that Appellant would have been convicted even if Torres had not testified establishes that there is no prejudice here. Thus, even if we consider this argument as one of ineffective assistance for failure to raise the core claim on direct appeal, where there is no *Strickland* prejudice there can be no relief. *See Strickland*, 466 U.S. at 689 (prejudice established only where but for counsel's inaction, it is reasonably probable that outcome would have been different).

Next, Appellant makes what he characterizes as a *Brady* claim. He begins by rehashing his argument that PCRA counsel did not comply with *Turner/Finley*. Appellant's Brief at 11-12. He then claims that trial counsel should have objected to the late disclosure of Angel Torres' testimony, and should have requested a continuance to investigate Torres. *Id.* at 12. Given the PCRA court's determination that Torres' testimony ultimately had little, if any, impact, this claim fails. *See* PCRA Ct. Op. at 8.

Appellant also argues that the Commonwealth committed a warrantless seizure of two cellular phones. Appellant's Brief at 14. Appellant claims that the warrantless seizure led police to Alexandra Krochak, who testified that she was present when Appellant committed the shooting and that she discussed the shooting with him afterward, when he said that he feared that if he did not shoot first, he himself would be shot. N.T., 1/21/16, at 159-62, 172-73. The PCRA court is correct in concluding that claims raised for the first time in

Appellant's Statement are not preserved, and therefore this claim fails. **See** PCRA Ct. Op. at 7. **See Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court.").

Next, Appellant argues that because of counsel's ineffectiveness, he has been denied the opportunity to have this Court consider his claim that the evidence against him is insufficient to sustain his conviction. Appellant's Brief at 14-15. This claim was not included in Appellant's Statement, and is therefore waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

Appellant also argues that trial counsel was ineffective for failing to interview several potential defense witnesses.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the **Strickland** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108–09 (Pa. 2012). First, Appellant names two witnesses — Sasha Cabellero and Christopher Rivera — who allegedly would have rebutted the inference that Appellant was involved in a prior shooting. Appellant's Brief at 16. Trial counsel "clearly presented evidence that the shooter in the prior shooting was not [Appellant]." PCRA Ct. Op. at 7. Thus, Appellant cannot establish prejudice.

Next, Appellant names a witness who would have allegedly called into question Davila's identification of the shooter by testifying that she had said prior to trial that the shooter was named "Johnny." Appellant's Brief at 16-17. This evidence was also admitted at trial, and thus the proposed testimony would have been merely cumulative. *See* N.T., 1/25/16, at 79-82; 117-18. Defense counsel fully explored inconsistencies in Ms. Davila's identification at trial, including the fact that she allegedly named "Johnny" as the shooter. *See* N.T., 1/21/16, at 95-97. Because the evidence at issue would have been, at best, merely redundant and cumulative, this claim is meritless.

Finally, Appellant argues that "[i]f this court finds the record insufficient to adjudicate [Appellant's] trial counsel's ineffectiveness claims, the Court should remand for an evidentiary hearing . . . ." Appellant's Brief at 22. Because Appellant has not established that there is a genuine issue of material fact, the PCRA court correctly dismissed his petition without a hearing. *See* Pa.R.Crim.P. 907(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20

- 12 -